IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| QBE INSURANCE COMPANY,<br><br>               Plaintiff,<br>v.<br><br>SCOPE LEASING, INC.; NOVEMBER ALPHA, LLC dba TOUCHSTONE HELICOPTERS; and SOUTHERN UTAH UNIVERSITY, a political subdivision of the State of Utah; and JOHN DOES 1-5,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [14] DEFENDANT SOUTHERN UTAH UNIVERSITY'S MOTION FOR REMAND**<br><br>Case No. 2:17-cv-00326-DN<br><br>District Judge David Nuffer |

       This case is rooted in a helicopter crash in September 2016. Plaintiff QBE Insurance Company ("QBE") interpleads proceeds of its insurance policy for a helicopter which crashed in September 2016.[1] SUU leased the helicopter in question from Defendant November Alpha, LLC ("NA")[2] which removed the case from Utah state court to this court.

       Defendant Southern Utah University ("SUU"), filed a Notice of Non-Consent to Removal,[3] and a Motion for Remand ("Motion")[4] to return the case to the Utah Fifth Judicial

---

[1] Defendant November Alpha, LLC dba Touchstone Helicopters' Notice of Removal, Exhibit A, Complaint in Interpleader, docket no. 2-1, filed April 26, 2017.

[2] *Id.*

[3] Notice of Non-Consent to Removal, docket no. 13, filed May 11, 2017.

[4] Defendant Southern Utah University's Motion for Remand and Memorandum in Support, docket no. 14, filed May 24, 2017.

District Court. QBE does not oppose the Motion.[5] Defendant November Alpha, LLC ("NA"), the party which removed the case,[6] opposes the Motion.[7] SUU replies in support.[8]

Because SUU is immune from suit in federal court under the Eleventh Amendment to the United States Constitution, and because SUU's presence in the lawsuit destroys diversity jurisdiction, this court lacks jurisdiction over the case. The Motion for Remand[9] is GRANTED.

## BACKGROUND

QBE filed the Complaint in the Utah Fifth Judicial District Court on March 23, 2017.[10] The Complaint sought to determine which defendant or defendants were entitled to receive the proceeds from the QBE insurance policy.[11] The helicopter was subject to a lien under a security agreement in favor of defendant Scope Leasing, Inc.[12]

As set forth in the Complaint, QBE is a corporation incorporated in the State of Pennsylvania with its principal place of business in New York City, New York.[13] NA is a New Jersey limited liability company with its principal place of business in Newark, Delaware.[14] Scope Leasing, Inc. is a corporation organized in the State of Ohio.[15] The Complaint

---

[5] Notice of Non-Opposition to Motion for Remand, docket no. 25, filed June 15, 2017.

[6] Defendant November Alpha, LLC dba Touchstone Helicopter's Notice of Removal ("Notice of Removal"), docket no. 2, filed April 26, 2017.

[7] Memorandum in Opposition to Southern Utah University's Motion to Remand Case to State Court ("Opposition"), docket no. 22, filed June 7, 2017.

[8] Reply to Defendant November Alpha, LLC dba Touchstone Helicopters' [8] Memorandum in Opposition to Southern Utah University's Motion for Remand ("Reply"), docket no. 27, filed June 20, 2017.

[9] Defendant Southern Utah University's Motion for Remand and Memorandum in Support, docket no. 14, filed May 24, 2017.

[10] Complaint at 5.

[11] *Id.* at ¶ 10.

[12] *Id.* at ¶ 12.

[13] *Id.* at ¶ 1.

[14] *Id.* at ¶ 2.

[15] *Id.* at ¶ 3.

characterized SUU as a "political subdivision of the State of Utah, located in Cedar City, Utah."[16]

On April 26, 2017, NA filed a Notice of Removal.[17] NA based the removal on diversity jurisdiction, alleging that "[c]omplete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a)(2)."[18] SUU accepted service of the Complaint that same day.[19] In conjunction with the notice of appearance of counsel on its behalf,[20] SUU then filed a document entitled "Notice of Non-Consent to Removal,"[21] in which it "provide[d] notice to . . . all parties that it [did] not consent to the removal of this action to the United States District Court for the District of Utah."[22] Twelve days later, SUU filed its Motion to Remand.[23]

## ANALYSIS

Under 28 U.S.C. § 1447, "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."[24] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[25] In its timely filed motion, SUU argues here that as "an agency and 'arm of the state of Utah[,]'" it is "entitled to immunity from suit in the federal courts under the Eleventh Amendment to the U. S. Constitution."[26] SUU also argues

---

[16] *Id.* at ¶ 4.

[17] Notice of Removal, docket no. 2, filed April 26, 2017.

[18] *Id.* at 3.

[19] Notice of Filing Acceptance of Service, docket no. 6, filed April 27, 2017.

[20] Notice of Appearance, docket no. 11, filed May 11, 2017.

[21] Notice of Non-Consent to Removal, docket no. 13, filed May 11, 2017.

[22] *Id.*

[23] Motion, docket no. 14, filed May 24, 2017.

[24] 28 U.S.C. § 1447(c).

[25] *Id.*

[26] Motion at 2.

that the "complete diversity for removal required by 28 U.S.C. § 1332" is not present in this case.[27]

NA's opposition ignores these jurisdictional issues, focusing instead on the matters raised in SUU's concurrently filed Motion for Extension of Time to Respond to Plaintiff's Complaint.[28] NA argues that because SUU failed to timely answer the complaint, SUU is in default and "should not be entitled to ask for any relief . . . including any request that the matter be remanded back to Utah state court."[29] NA fails to recognize that when default "against a party who has failed to plead or otherwise defend" is considered, "the district court has an affirmative duty to look into its jurisdiction . . . over the subject matter . . . ."[30] Fulfilling that duty reveals that this court cannot exercise jurisdiction over the case for the reasons SUU provides.

### SUU is immune under from suit in federal court under the Eleventh Amendment

SUU argues that it "is immune from suit in this court under the Eleventh Amendment of the U.S. Constitution."[31] This is correct. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."[32] This guarantee means that the Eleventh Amendment operates as a "jurisdictional bar that precludes unconsented suits in federal court against a state *and* arms of the state."[33]

---

[27] *Id.*

[28] Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint, docket no. 15, filed May 24, 2017.

[29] Opposition at 2.

[30] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

[31] Motion at 4.

[32] *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015), (quoting *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001)).

[33] *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (emphasis added).

SUU—Southern Utah State University— can readily be considered as an arm of the state because the 10th Circuit has "consistently found [that] state universities are arms of the state."[34] State statute confirms this as well. Although QBE and NA describe SUU as a political subdivision of the State of Utah in the Complaint[35] and the Notice of Removal,[36] the Utah code explicitly recognizes SUU as a *state* institution of higher education that enjoys "all rights, immunities, and franchises necessary to function as such."[37] As an arm of the state, SUU may choose whether to consent to a suit in federal court. It clearly withholds its consent here so the Eleventh Amendment bars this court from taking up the case. The case must be remanded back to state court.

### SUU's presence in the case destroys diversity jurisdiction

SUU also argues that its status as an arm of the state destroys the diversity jurisdiction utilized as a basis for removal.[38] SUU is correct on this argument as well. Even if Eleventh Amendment immunity did not apply to SUU, its recognized status as an arm of the state is fatal to diversity jurisdiction.

"[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."[39] The citizenship of each individual defendant *must* be considered. The United States Supreme Court has directed that "[w]hen a plaintiff sues more than one defendant in a diversity action, the plaintiff must

---

[34] *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996).

[35] Complaint at ¶ 4.

[36] Notice of Removal at ¶ 7.

[37] *See* Utah Code Ann. § 53B-2-101.

[38] *See* Motion at 6.

[39] *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

meet the requirements of the diversity statute for *each* defendant or face dismissal."[40] Because "a state, or the arm or alter ego of a state . . . does not constitute a 'citizen' for diversity purposes,"[41] the presence of SUU in this case as a named defendant effectively renders the diversity of the parties incomplete.[42] "Incomplete diversity destroys original jurisdiction with respect to all claims."[43] The case must be remanded because this court cannot exercise jurisdiction over the case.

## ORDER

IT IS HEREBY ORDERED that SUU's Motion for Remand[44] is GRANTED. Because this court does not have jurisdiction over the case, IT IS FURTHER ORDERED that all remaining pending motions[45] are MOOT. Plaintiff's Complaint is remanded back to the Fifth Judicial District Court, Iron County, State of Utah.

Signed September 19, 2017.

BY THE COURT

District Judge David Nuffer

---

[40] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829, (1989) (emphasis added).

[41] *Dougherty v. Univ. of Oklahoma Bd. of Regents*, 415 F. App'x 23, 25 (10th Cir. 2011) (quoting *State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 563 (10th Cir.1999)).

[42] The 10th Circuit has recognized that the presence when a suit is brought of a state, alter ego of the state, or arm of the state as a named defendant destroys diversity jurisdiction. *See Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010).

[43] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554, (2005).

[44] Defendant Southern Utah University's Motion for Remand and Memorandum in Support, docket no. 14, filed May 24, 2017.

[45] These include the State Court Motion entitled Plaintiff's Motion to Dismiss Defendant Scope Leasing, Inc., docket no. 9, filed May 5, 2017, Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint, docket no. 15, filed May 24, 2015, the duplicate Defendant Southern Utah University's Motion for Remand and Memorandum in Support, docket no. 16, filed May 24, 2017, and Expedited Motion to Stay Proceedings Pending Ruling on Defendant Southern Utah University's Motion for Remand and Memorandum of Law in Support, docket no. 29, filed September 18, 2017.